UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 21, 2012

Stephen F. Shea, Esq.
Elkind & Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Alex S. Gordon, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD  21201

**Re: Lynette Quickley v. Michael J. Astrue, Commissioner of Social Security, PWG-09-3058**

Dear Counsel:

Presently pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Quickley's claim for Supplemental Security Income ("SSI"). (ECF Nos. 8, 17, 24). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Lynette Quickley (sometimes referred to as "Ms. Quickley", "Claimant", or "Plaintiff") applied for SSI on November 16, 2005, alleging that she was disabled due to back pain resulting from lumbar degenerative disc disease, obesity, and sleep apnea. (Tr. 13, 38). Her claim was denied initially and upon reconsideration. After a hearing before Administrative Law Judge Frances P. Kuperman ("ALJ") on March 6, 2008, the ALJ denied Ms. Quickley's claim and concluded in a decision dated February 24, 2009, that she retained the residual functional capacity ("RFC") to perform less than a full range of sedentary

1

work[1] and that she was precluded from performing her past relevant work ("PRW"). After receiving testimony from a vocational expert ("VE"), the ALJ found there were a significant number of jobs in the local and national economies that Claimant could perform. Accordingly, the ALJ found Claimant was not disabled. (Tr. 11-22). On September 18, 2009, the Appeals Council denied Ms. Quickley's request for review, thus making her case ready for judicial review. (Tr. 4-6).

Claimant alleges that the ALJ erred at step four in determining her RFC, and that all of her limitations were not adequately reflected in the hypothetical the ALJ presented to the VE. Specifically, Ms. Quickley contends that the ALJ was required to include a sit/stand option in the assessment of her RFC. *See* ECF No. 17, p. 6. The Commissioner argues that the ALJ's RFC determination and hypotheticals presented to the VE properly were based upon all the limitations she accepted as credible.

After review of the record and the ALJ's decision, I find that the ALJ sufficiently discussed the medical evidence she considered and relied upon in determining that Ms. Quickley had an RFC which allowed her to perform less than a full range of sedentary work, and that the limitations included in the questions presented to the VE are supported by the record. (Tr. 16, 260-261).

First, it is apparent that the ALJ considered all the medical records. The ALJ discussed the reports completed by state agency reviewing and examining physicians, including the reports from Dr. N. Salomon and Dr. Doriscine Colley. (Tr. 18-19). Claimant asserts that the ALJ failed to follow Social Security Ruling ("SSR") 83-12. Specifically she submits that the ALJ had an affirmative duty to resolve what she alleges is a conflict between the VE's testimony and SSR 83-12[2] regarding what

---

[1] The ALJ found that Claimant could perform no more than occasional squatting and climbing of ladders and scaffolds. (Tr. 16).
[2] SSR 83-12, in relevant part, states:
1. Alternate Sitting and Standing
"In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get

2

the impact is on sedentary work when a Claimant has to alternate between sitting and standing. Based on review of the record and the ALJ's decision, I find this argument to be without merit.

The standard that governs the ALJ's duty to evaluate what impact a claimant's ability to sit or stand has on the occupational base is applicable only when there is "an unusual limitation of ability to sit or stand". *See* SSR 83-12, *supra* FN.2. The ALJ found that Ms. Quickley retained the residual functional capacity to perform sedentary work, or work which is generally performed while sitting and never requires lifting in excess of ten pounds. (Tr. 16). The ALJ further found that the Claimant's capacity for sedentary work was diminished by an inability to squat or climb ladders frequently. (Id.) Contrary to Claimant's assertions, the ALJ did not state in her findings, or anywhere in her decision, that Ms. Quickley's capacity to perform sedentary work was diminished by the need to alternate sitting and standing for a period of 15 to 20 minutes. (Tr. 16-22).

Claimant cites Dr. Doriscine Colley's report as conclusive evidence that she is limited in her ability to sit and stand. Based on Dr. Colley's statement that Ms. Quickley could stand and walk for 15-20 minutes without interruption before changing position, Claimant argues that the ALJ was required to include a sit/stand option in her RFC and in the hypotheticals presented

---

up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work.(Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.) However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base."

SSR 83-12 (1983 WL 31253 *4 (S.S.A)).

3

to the VE. (Tr. 216).  However, Dr. Colley also stated in her report that Claimant had the ability to sit for a total of 6 hours in an 8 hour work day, and that she could stand and walk for a total of 2 hours in an 8 hour work day. (Tr. 216). Dr. Colley's report, when viewed in its entirety, simply does not compel a finding that Claimant must alternate periods of sitting and standing, or that she had an unusual limitation in her ability to sit or stand.

Furthermore, while the ALJ accorded significant weight to Dr. Colley's report, she also accorded significant weight to Dr. N. Salomon's medical report.  Dr. Salomon reviewed all of Ms. Quickley's medical records, including Dr. Colley's report, and completed medical interrogatories on July 12, 2008. Dr. Salomon did not find any unusual limitations on Claimant's ability to sit or stand.  Rather, Dr. Salomon stated that Ms. Quickley was capable of performing sedentary work.  (Tr. 228-229).

The medical evidence, when viewed in its entirety, does not establish that Claimant has an unusual limitation that would require a finding that a sit/stand option is necessary.  In sum, the ALJ's finding that Claimant was capable of engaging in sedentary work is supported by substantial evidence and fully complies with SSR 83-12.

I also find that the hypothetical presented to the VE[3] is supported by substantial evidence and included all the limitations that were deemed credible by the ALJ, and which were supported by the evidence of record.  The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose hypotheticals that are based on substantial evidence and accurately reflect the claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).  The ALJ posed hypotheticals to the VE regarding an individual with Claimant's conditions and limitations.  The VE identified sedentary jobs in the local and national economies and explained the impact on those jobs identified when additional limitations were considered. *Cline v. Chater*, 82 F.3d 409 (4th Cir. 1996) (Tr.

---

[3] The VE was asked to consider an individual who has the residual functional capacity to perform at least sedentary work with occasional squatting and climbing of ladders and scaffolds. (Tr. 260-262).

260-262).  In sum, the hypotheticals presented to the VE with the limitations the ALJ described, are supported by substantial evidence. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A)).

Thus, for the reasons given, this Court DENIES Ms. Quickley's Motion and GRANTS the Commissioner's Motion for Summary Judgment.  A separate Order shall issue.

>Sincerely,
>    /s/
>Paul W. Grimm
>United States Magistrate Judge